UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUCY ANDERSON, JOHN ALONGIS,
JAMES BAILEY, JOSEPH BAILEY,
EDDIE BALDWIN, BILLY BAXLEY,
CHARLES BELL, SHIRLEY BLACKMON,
JEROME BRACKIS, DENNIS BRISOLARA,
BART BYRD, JEFFREY CAREY,
DENISE CARTER, RONALD CASSADY,
FREDA COBB, CHARLES COLEY,
LARRY DAVIS, MICHAEL DePAUL,
EQUILLIA DICKENS, ETHEL EARLY,
TRAVIS JAMES EIDSON, JEFFERSON ELLIS,
CURT ENFINGER, KEVIN FAIR,
GARY FOLSOM, AUBREY GAMMONS,
LATASHA GODWIN, BRIAN HAM,
ROBERT HAYHURST, MARTIN HEARNS,
EMMITT HILL, KAREN HUCKABY, LINDA
HUFFMAN, RODNEY HUGHES, BETTY
IBRAHIM, GREGORY JACKSON, RICHARD
JACKSON, PAUL JERNIGAN, SHERRY
JOHNSON, GARY KARL, MOSES LINEN,
SANDRA McELVEY, ANGEL MEDINA,
LONNIE MILTON, CAROL S. MOORE,
CHARLES MOORE, MARK MORAN,
JODY NICHOLS, CULTON OLDS, WALTER OLDS,
WILLARD O'BRYAN, LYNN PADGETT, HAROLD
PARKER, RONALD PEACOCK, EUGENIO PEREZ,
VIVIAN POLLOCK, MORRIS POPE, ROBERT
RAINES, ROBERT REDFERN, TEMETRIS
RIVERS, LARRY ROBERTS, TINA ROGERS,
GREGORY ROLAND,  TWILIA ROULHAC,
ABDUL RUSHDAN, JAMES SALLAS, JIMMY
SIMS, ROSALIND SIMS, DIONNE SMITH,
STEPHEN SMITH, RONALD SPEIGHTS,
DAVID TYLER, ROBERT WATSON,
LONNIE WEDDINGTON, RONALD
WEND, MARTY WESTER, TERRY
WILKES, LESLIE WILLIAMS, LARRY
WILSON, NELSON WILSON,
ARNETT FLOWERS, DELBERT
McKINNEY, and CAROL
WRIGHT,                                                              CASE NO:

Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

---

## COMPLAINT

1. This is an action seeking damages against the Federal Bureau of Prisons for negligence under the Federal Tort Claims Act.

2. Jurisdiction is proper under the FTCA 28 USC 1346(b), (2671- 2680-), and 1331.

3. Plaintiffs, **collectively**, are citizens of the United States who reside within this district.

4. Plaintiffs, as named above, have all filed an administrative claim with the Department of Justice, Federal Bureau of Prisons, as required by 29 USC 2675(a).

5. The claims were denied on various dates in late October and early November 2011. Accordingly, all conditions precedent to the maintenance of this action have been satisfied and/or in the alternative have been, otherwise, waived by the Defendant(s).

6. Venue is proper under 28 USC 1402(b) because the acts giving rise to this action occurred in this judicial district.

7. DEFENDANT(S), DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, and FEDERAL PRISON INDUSTRIES, INC., *D/B/A* UNICOR, INC. (herein after to be referred to as "DOJ," "BOP," and "UNICOR", respectively), was/is a government-owned and operated corporation with a facility operating within the federal prison located in Marianna, Jackson County, Florida, at all times pertinent to the acts, events, and/or omissions encompassed by the instant Complaint.

8. UNICOR industries, FCI, Marianna, Jackson County, Florida was, and remains, engaged in the business of electronic recycling at all times pertinent to the acts, events, and/or omissions encompassed by the instant Complaint.

9. During the operation of the electronic recycling program, the Defendant(s) DOJ, BOP, and UNICOR did willfully, recklessly, and/or negligently operate the facility in such a manner as to cause the Plaintiffs to be exposed to toxic dust.

10. Specifically, the UNICOR recycling plant exposed inmates and correctional officers to toxic material including, but not limited to, lead, cadmium, borellium, and mercury.

11. The UNICOR electronic recycling program entails taking in and either salvaging for resale or disassembling to obtain precious materials inside, various electronic devices, including but not limited to, computers, hardware, and medical devices. These electronics are known to contain numerous toxins.

12. The UNICOR system of disassembling the electronics involves breaking parts, including but not limited to, Cathode Ray Tubes or CRT's known for containing the above-mentioned toxins as well as additional harmful materials. The "process" generates an abundance of toxic dust that permeates not only the immediate building space, but the surrounding areas such as the mess hall, kitchen and psych ward; it covers the inmate workers clothing and the correctional officers' clothing.

13. The spreading of the toxic dust has been easily achieved as not even the most minimal of protective safety precautions have been used, much less the recommended and practiced use of silicon valley recycling programs that prescribe vacuum systems and safety containers designed to wholly prevent the interaction of human workers with the broken CRT's and other toxic containing electronic parts. The wholly systemic failure of UNICOR to follow even the minimalist of safety precautions is well documented and continues to date despite the government's knowledge of the dangers.

14. As part of their duties, the respective correctional officers are routinely inside the UNICOR facility and are also responsible for "shaking down" inmates, or more specifically, physically patting down inmates, who worked in the UNICOR facilities, in search of weapons or other contraband. Correctional officers also routinely touch and inspect inmate clothing and personal property, all containing the toxic dust. This direct contact with the clothes, personal property and facilities led

to correctional officers carrying the dust from the glass breaking/ recycling program being run by UNICOR into their home and to their families.

15. The Plaintiffs in the instant action are the correctional officers working in the FCI. As a result the Plaintiffs were physically injured, lost wages or income, suffered mental and physical pain and incurred medical expenses.

## COUNT ONE (1)
## NEGLIGENCE

16. Plaintiffs reallege and incorporate by referenced Paragraphs One (1) through Sixteen (16), as if set forth in their entirety herein.

17. The Plaintiffs are entitled to bring this suit against the United States under the Federal Tort Claims Act, because the United States, if a private person, would be liable to the Plaintiffs for the money damages caused by the negligence of the United States, acting through the Department of Justice, Federal Bureau of Prisons, and Federal Prison Industries, Inc. (*i.e.*, Unicor). The Defendant(s) possessed information with regard to to the danger the toxin exposure posed to the enumerated Plaintiffs but has previously withheld such information from the Plaintiffs and even proactively attempted to obstruct and/or hinder investigations related thereto.

18. When operating the recycling program at issue, the DOJ, BOP, and Unicor have a duty to operate the program and/or secure the facility in a fashion so as to ensure the safety of the Plaintiffs and/or obviate the

5

incident/instance of injury to said Plaintiffs.

19. Among other things, the Defendant has a duty to abide by generally-accepted recycling industry practices and/or protocols, as well as the applicable government-originated OSHA regulations.

20. Specifically, as it relates to such OSHA regulations, the regulations are not discretionary.

21. In conducting and/or effectuating their recycling program, the Defendants negligently breached their duty of care to the Plaintiffs by failing to abide by non-delegable and/or critical safety protocols including, but not limited to, creating and/or maintaining appropriate ventilation procedures to prevent the accumulation of toxic dust, maintaining laundry facilities on the premises to clean any uniforms and/or clothing that had been contaminated by the toxic dust, as well as disposing of the toxic materials in a environmentally-acceptable fashion.

22. As a direct and/or proximate result of the Defendants negligent breach of their duties, the Plaintiffs have sustained physical injury, medical bills, genetic damage, depression, lost wages, and loss of the capacity for the enjoyment of life. Said losses are continuing and will not abate in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, collectively, demand judgment against the

Defendant, United States of America, for compensatory damages, pre-judgment and post-judgment interest, taxable costs, as well as the provision of any such other relief as this Court should deem equitable and just.

                                      Respectfully Submitted:

By: _____
        H. Richard Bisbee, Esq.
        Florida Bar Number: 327808
        Patrick R. Frank, Esq.
        "Of Counsel"
        Katherine Viker, Esq.
        "Of Counsel"
        H. Richard Bisbee, P.A.
        1882 Capital Circle, N.E.
        Suite 206
        Tallahassee, Florida 32308
        Telephone: (850) 386-5300
        Facsimile: (850) 219-0053